(109 N. W. 61.)

---

EMMA A. CRANMER v. HENRY F. DINSMORE AND PARTHENA W. DINSMORE.

Opinion filed July 3, 1906. Rehearing denied October 4, 1906.

**Costs — Non-Resident Plaintiff — Dismissal.**

1. Where a plaintiff is in court when a motion is made by a defendant to compel the plaintiff, a nonresident, to furnish a surety for costs and a time is fixed by the court within which surety shall be furnished, and at the expiration of the time fixed for furnishing it defendant shows that the order has not been complied with, it is not error to dismiss the action without further notice.

**Same — Discretion as to Time for Securing Costs.**

2. Whether the time fixed within which surety may be furnished is reasonable is largely within the discretion of the court, and the action of the court will not be interfered with unless the discretion be abused.

Appeal from District Court, Dickey county; *Allen,* J.

Action by Emma A. Cranmer against Henry F. Dinsmore and Parthena W. Dinsmore. From a judgment of dismissal, plaintiff appeals.

Affirmed.

MORGAN, C. J. This is an action to determine adverse claims to real estate and was pending in Dickey county on June 29, 1904. On that day plaintiff moved that the cause be placed on

the trial calendar. Defendant moved that plaintiff, a nonresident, be required to give security for costs. Both motions were made in open court and granted. The written order requiring that security for costs be given by plaintiff did not fix any time within which such security must be given. On July 1st defendant moved for a dismissal of the action, upon the ground that no security for costs had been given pursuant to the stipulation of the parties and the order of court of June 29th. The court dismissed the action on July 1st, upon the ground that no security for costs had been furnished. The formal written order of dismissal upon such motion was not signed until July 5th. This order, after reciting the demand for security made on June 29th and the appearance of the attorneys on that day, is as follows: "And both parties by their attorneys having agreed in open court that plaintiff was a nonresident of the state, and that demand for security for costs had been made by defendants, and it was further agreed by said attorneys for plaintiff and defendants that plaintiff would give security for costs on or before June 30, 1904, and by consent of parties, the court ordered that plaintiff give and furnish security for costs on or before June 30, 1904, and, it further appearing to the court on showing made in open court on the 1st day of July, 1904, that plaintiff had wholly failed to give or furnish security for costs as required by the order of the court and the agreement of the parties * * *." Then follows the order of dismissal. On July 27, 1905, the plaintiff upon due notice to the defendants submitted a motion to set aside the order of July 5, 1904. This motion was based upon affidavits of the plaintiff's attorney.

Defendant's attorney filed his affidavit, also, and a sharp conflict took place as to what transpired when the motions of June 29, 1904, were before the court. The conflict between the attorneys is resolved in favor of the defendants by the recitals of the order of July 5, 1904. Plaintiff contends that the order dismissing the action was erroneous, for the reason that no notice was given of the motion to dismiss the action after the failure of the plaintiff to file security for costs. The order of July 5th was made according to its recitals in pursuance of a stipulation between the attorneys that security would be furnished on or before June 30th, and, unless so furnished, it necessarily followed that a dismissal of the action was to follow. This being the fact, section 5599, Rev. Codes 1899, prescribing that dismissal of the action must be

on notice, has no application. The statute provides that nonresidents must furnish surety for costs before commencing an action. In case surety is not furnished before the action is commenced, the action may be dismissed on motion and notice by the defendant, unless the court grant a reasonable time for furnishing security. The parties being in court, the court ordered that security be furnished within a certain time. Not having complied with that order, a dismissal was proper without further notice. It was within the discretion of the trial court whether the order of July 5, 1904, should be set aside or not. In view of the conflict between the attorneys and the fact that over a year had elapsed since the making of the order objected to, we do not think the court abused its discretion in refusing to set aside that order.

The defendant furnished a surety on July 2, 1904, who was approved by the clerk. It is claimed that this fact rendered the refusal of the court to set aside the dismissal of the action an abuse of discretion. Had it been promptly brought to the court's attention, that might be true, but in view of the unreasonable delay from November, when notice of the dismissal was received, until July, we see no ground for holding that there has been an abuse of discretion. It is claimed that the time fixed within which a surety was to be furnished was unreasonably short. There was no objection to the time fixed by the order and no application to have the time extended after plaintiff ascertained that surety could not be furnished by June 30th. The reasonable time to be allowed within which surety shall be furnished is largely discretionary. No abuse of that discretion is shown in this case.

·The order is affirmed. All concur.